THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
JAMES NOLAN, Appellant.

As the act of 1884 amending the provision of the Penal Code (§ 491 *et seq.*)
in reference to punishment for capital crime, by changing the method of
inflicting the death penalty (Chap. 489, Laws of 1888) expressly provides
(§ 10) that nothing therein shall apply to a crime committed before the
taking effect of the act, but that such crime must be punished accord-
ing to the law existing when it was committed " in the same manner as
if the act had not been passed" and the provisions of the prior statute are
continued and made applicable to all such crimes so committed, the said
provisions as they existed prior to the passage of said act remain in full
force, unaffected by the repealing section in said act, so far as relates
to such crimes committed before the act went into effect.

Accordingly *held,* that a person convicted after January 1, 1889, when said
act went into effect, of the crime of murder in the first degree, com-
mitted before that time, but after the passage of the act, was properly
sentenced to death by hanging.

(Argued June 24, 1889; decided June 28, 1889.)

APPEAL from judgment of the Court of General Sessions
of the Peace in and for the city and county of New York,
entered upon a verdict rendered March 8, 1889, convicting
defendant of the crime of murder in the first degree.

The opinion, after discussing the evidence and reaching
the conclusion that it fully justified the verdict, continues as
follows:

" The second ground taken for a reversal of this judgment
seems to us to be wholly free from merit.

" If I have been able to understand the argument of the
counsel for defendant, it is that the legislature, in changing
the manner of inflicting the death penalty from hanging by the
neck to the application of electricity, has done it in so stupid
a manner as to leave no method of inflicting the death penalty
upon those who committed murder subsequent to the passage
of the act, and prior to the time when it went into operation
(Jan. 1, 1889), provided the trial took place after such date,
and the sentence was consequently then pronounced.

" The act amended those sections of the Code of Criminal
Procedure which related to carrying out the punishment of
death by hanging, and substituted in their place the provisions

requiring the application of electricity as therein stated, and it repealed all acts and parts of acts inconsistent with its provisions.

"But, by section 10 it was enacted as follows: 'Nothing contained in any provision of this act applies to a crime committed at any time before the day when this act takes effect. Such crime must be punished according to the provisions of law existing when it is committed, in the same manner as if this act had not been passed; and the provisions of law for the infliction of the penalty of death upon convicted criminals in existence on the day prior to the passage of this act are continued in existence and applicable to all crimes punishable by death, which have been or may be committed before the time when this act takes effect. A crime, punishable by death, committed after the beginning of the day when this act takes effect must be punished according to the provisions of this act, and not otherwise.'

"We are unable to see why this section is not a perfect answer to the argument of the counsel for the defendant. The claim seems to be that, by the eleventh section of the act all acts and parts of acts inconsistent with its provisions were repealed, and, therefore, as the amendments made by the prior sections of the act to those sections of the Code of Criminal Procedure which provided for death by hanging had wiped out such sections as originally enacted, there was no law left for inflicting the death penalty other than the sections as amended, which provided for its infliction by means of electricity, and that, as applied to defendant's case, such law was *ex post facto*.

"This reasoning leaves out of view the provisions of section 10. The legislature in that section expressly enacted that nothing contained in any provision of the act should apply to a crime committed at any time before the day when the act took effect. It went further, and in so many words provided that as to such a crime the punishment must be according to the old provisions, in the same manner as if the act had not been passed.

"The defendant's counsel gives a force to the repealing words of section 11 which the legislature expressly enacts they should not have. He says they repeal all acts prior to

the repealing of the sections of the Code relative to the inflic-
tion of the death penalty, and as the Code directed that the
defendant was to be punished according to its provisions, the
prior laws were not applicable to the defendant's case, who
was thus left, according to counsel's contention, to be punished
according to the Code as it now exists, not as it existed here-
tofore, as by the amendment its former provisions were
repealed.

"I am not sure that I have perfectly comprehended the
position taken by the counsel for the defendant, but this is his
argument, as I understand it from his brief. The difficulty,
and the whole difficulty, with it is as I have already suggested.
It wholly ignores the provisions and effect of the tenth section,
the saving clause of the act. By reason of such clause the
sections of the Code as they existed prior to the passage of
the act remain, for all purposes therein stated, in full force
and effect, exactly the same as if no act of amendment, altera-
tion or repeal had ever been passed, and on that account and
for that reason the law in force in this state, so far as the
defendant is concerned, remains as it was before January 1;
1889, and all its provisions relating to the infliction of the
death penalty by hanging are saved and continued.

"No amount of reasoning or argument can make this
plainer than it is made by the statute itself, and further ampli-
fication would only tend to confuse what is now clear and
unambiguous.

"The judgment should be affirmed."

*William F. Howe* for appellant.

*John W. Goff* for respondent.

PECKHAM, J., reads for affirmance.
All concur.
Judgment affirmed.